UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW PATSCH,

    Plaintiff,

v.

TOWN OF INDIAN SHORES,

    Defendant,

                                      /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MATTHEW PATSCH, (hereinafter referred to as 'PLAINTIFF"), by and through his undersigned counsel, hereby sues the Defendant, TOWN OF INDIAN SHORES, (hereinafter referred to as "DEFENDANT"), and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff resides in Pasco County, Florida.

4. Defendant was and is a Florida for profit corporation, authorized and doing business in this judicial district.

5. At all times material herein, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

6. At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

7. Plaintiff has retained the undersigned counsel to represent his interest in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant from approximately June 2015 through May 13, 2019, as a Police Officer and was eventually promoted to the position of Sergeant.

10. Plaintiff was compensated on an hourly rate basis.

11. Plaintiff regularly and routinely worked over forty (40) hours in a work week.

12. Plaintiff was not paid time and a one-half his regular hourly rate for each and every hour that he worked in excess of forty (40) hours in a work week for all weeks that he worked.

13. Plaintiff routinely worked past his regularly scheduled work hours due to his having to accept telephone calls and perform work duties either on call or after his scheduled shifts.

14. Defendant is in the possession of documents and records relating to the frequency and duration of some of these work activities.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME

15. Plaintiff re-alleges paragraphs one (1) through fourteen (14) as though set forth fully herein.

16. The employment of Plaintiff provided for a forty (40) hour work week but, throughout his employment, Plaintiff was required to work and did work a substantial number of

hours in excess of forty (40) hours per work week.

17. At all times material herein, Defendant failed to comply with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., in that Plaintiff worked for the Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiff at the rate of time and one-half (1½) her regular rate of pay for the hours worked over forty (40) in a work week.

18. Defendant's failure to pay Plaintiff the required overtime pay was knowingly intentional, and willful.

19. As a direct and legal consequence of Defendant's violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with the FLSA, 29 U.S.C. § 201, *et seq*. including § 207 and § 216(b), including, but not limited to, the following:

    a. Overtime compensation;

    b. Liquidated damages;

    c. Prejudgment and post-judgment interest;

    d. Attorney's fees and costs;

    e. Equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy; and

    f. All other relief to which Plaintiff may be justly entitled.

## COUNT II
## CHAPTER 448.08 - UNPAID WAGES

20. Plaintiff re-alleges paragraphs one (1) through fourteen (14) as though set forth fully herein.

21. Plaintiff earned wages and commissions over the course of his employment which are owed and payable by the Defendant employer pursuant to Florida Statute Chapter 448.08.

22. Plaintiff's claim is for all uncompensated hours worked by Plaintiff that were not overtime hours.

23. Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendant, for an amount within the jurisdictional limits of this Court, to wit:  More than Fifteen Thousand ($15,000.00) Dollars, plus interest, costs, and attorney's fees, and for such other and further relief to which Plaintiff may be justly entitled.

Dated December 5, 2019.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
 Facsimile (727) 483-7942
Attorneys for Plaintiff